UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

          Plaintiff,

v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, LLC, a Maryland
Limited Liability Company, CHIMES
OF FREEDOM, LLC, a Delaware
Limited Liability Company, and
HHLP LIBERTY LESSEE, LLC,
a Delaware Limited Liability Company,

          Defendants.
_____/

Case No. 2:18-cv-02781-JP

## FIRST AMENDED COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, a Maryland Limited Liability Company, CHIMES OF FREEDOM, LLC, A Delaware Limited Liability, and HHLP LIBERTY LESSEE, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendants") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1. Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2. Defendants' property, The Westin Philadelphia Hotel, is located at 99 South 17th Street, Philadelphia, PA, in the County of Philadelphia.

3. Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq. See, also, 28 USC § 2201 and § 2202.

5. Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school. After completion of her studies, she founded a business and resided in the area until 2011. She was active in the business community and has many long-standing relationships that she has maintained throughout the years. She also had two children during those years, through which she knew many people.

Her elder daughter and granddaughter live in the surrounding area and she often meets them in Center City, Philadelphia, so that they may enjoy cultural activities, dining and shopping in Philadelphia. She has often taken her granddaughter to the Museum of Natural History and Please Touch Museums in Philadelphia. Ms. Swartz also enjoys meeting her Philadelphia-based friends in various restaurants and attending local shows in Philadelphia.

Helen Swartz visited the property which forms the basis of this lawsuit, and has reservations to return to the property to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject property, which

have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

6. HELEN SWARTZ has patronized the hotel which forms the basis of this lawsuit on several occasions. She plans to return to the facility in the near future, once the facility is made accessible, to avail herself of the goods and services offered to the public at the property.

7. The Plaintiff has encountered architectural barriers at the subject property, which are enumerated in paragraph 11. The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

8. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as The Westin Philadelphia Hotel, and is located at 99 South 17th Street, Philadelphia, PA 19103, in the County of Philadelphia.

9. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in Paragraph 11 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. HELEN SWARTZ desires to visit The Westin Philadelphia Hotel not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and

others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

11. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the The Westin Philadelphia Hotel has shown that violations exist. These violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

    a. The elevator card reader is out of reach to a person in a wheelchair. This is in violation of sections 308 & 407.2.1.1 of the 2010 Standards for Accessible Design. §36.304 This condition made denies the plaintiff the ability to use her credit card to access the machine.

    b. The door to the accessible guestroom bathroom requires tight grasping, pinching, or twisting of the wrist to operate. This is in violation of sections 404.2.7 806.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

    c. In the accessible guestroom bathroom, the flush control is on the narrow side of the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

    d. The shower spray unit provided in the accessible guestroom bathroom does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

e. In the accessible guestroom a clear floor space is not provided on both sides of a bed. This is in violation of section 806.2.3 of the 2010 Standards for Accessible Design. §36.304. This condition denies the Plaintiff access around the bed.

f. The HVAC is out of reach to a person using a wheelchair. This is in violation of sections 308 & 806.2.3 of the 2010 Standards for Accessible Design. §36.304. This condition denies the Plaintiff access around the bed.

g. Items in the accessible guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. The condition prevented access to items inside the accessible guestroom.

h. There are enclosed private glass rooms that are not accessible to a person using a wheelchair. This is in violation of sections 304.3, 305.3 & 404.2.3 of the 2010 Standards for Accessible Design. §36.202 & §36.304. This condition made access unavailable for the Plaintiff to use.

i. Accessible seating is not provided at the tables or bars around the hotel. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it extremely difficult for the Plaintiff access to the bars and tables in the hotel.

j. Items in the Fitness Studio are out of reach to a person using a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

k. A compliant bench in the Fitness Studio changing room is not offered to a person in a wheelchair. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the item.

l. An accessible lavatory is not provided in the Fitness Studio changing room. This is in violation of section 606.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the item.

m. An accessible shower is not provided in the Fitness Studio changing room. This is in violation of sections 608.3.1, 608.4 & 608.6 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the

facility.

  n.  The sauna in the Fitness Studio changing room has a change in level to enter the room. This is in violation of section 404.2.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

  o.  There are 8 stalls in the hotel accessible toilet room, however an alternate stall is not provided. This is in violation of section 213.3.1 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  p.  The hook in the accessible toilet room is mounted to high for a person in a wheelchair to access. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  q.  Access to the lavatory is not provided in the 4th floor accessible toilet room. This is in violation of section 606.2 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  r.  An alarm is not provided in the 4th floor toilet compartment. This is in violation of section 215.2 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  s.  A maneuvering clearance is not provided to exit the 4th floor toilet room. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  t.  The assorted toilet room entry doors opening force are heavy. This is in violation of section 404.2.9 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the facility.

  u.  The mobile coat rack is too high for a person in a wheelchair to access. This is in violation of section 811.3 of the 2010 Standards for Accessible Design. §36.304. This condition makes it difficult to use the item.

  v.  The plaintiff was unable to book an accessible guestroom on any of the hotel's websites. This is in violation of section §36.302(e)(1)(i-v)(3).

  w.  The hotel does not provide the required amount of compliant accessible guest rooms. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the

subject hotel.

**Maintenance**

q.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12.     All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

13.     The discriminatory violations described in Paragraph 11 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial   facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq.* Furthermore, the Defendants continue to

discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 USC § 12205 and 28 CFR 36.505.

16. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer

employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

18. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the The Westin Philadelphia Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA. The Order shall further require the Defendants to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

   d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August _____, 2018

Respectfully submitted,

_____
David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossito
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:   215.564.2879
ddessen@dms-lawyer.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL   33181
Telephone:   305.891.5199
Facsimile:   305.893.9505
lfuller@fullerfuller.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___10th___ day of August, 2018, the foregoing was filed via the Court's CM/ECF system, which will automatically generate notice to counsel for Defendant: Elizabeth Rodriquez, Esq., erodriguez@fordharrison.com, Ford Harrison LLP, 100 S.E. 2nd Street - #2150, Miami, FL 33131.

                                               _/s/ David S. Dessen_
                                             David S. Dessen, Esq. (I.D. 17627)
                                             Dessen, Moses & Rossito
                                             600 Easton Road
                                             Willow Grove, PA   19090
                                             Telephone:   215.496.2902
                                             Facsimile:    215.564.2879
                                             ddessen@dms-lawyer.com
                                             and
                                             Lawrence A. Fuller, Esq., *pro hac vice pending*
                                             Fuller, Fuller & Associates, P.A.
                                             12000 Biscayne Boulevard, Suite 502
                                             North Miami, FL   33181
                                             Telephone:   305.891.5199
                                             Facsimile:    305.893.9505
                                             lfuller@fullerfuller.com

                                             *Attorneys for Plaintiff*